Washington,
*March,*
1836.

### Danforth W. Stiles *vs.* Town of Middlesex.

Damages were awarded and paid to a person, on account of a road laid out through his land; and said road, before being opened or made, was re-surveyed and altered, on the application of such person, but no part of said road was removed from his land. The report of the committee making such alteration was silent on the subject of damages. *Held,* that these facts alone did not entitle the town to recover back the damages so paid.

*It seems* that no part of such damages can be recovered back, by reason of the discontinuance of the road, after it has been opened and used as a highway. *Otherwise,* if it is discontinued and abandoned before it is opened or made.

This cause came up from the county court on the following bill of exceptions :

This was an action of assumpsit for monies, expenses and services, rendered in taking care of one Laura Hackett, and Richard Clifford.

*Plea*—general issue, and *plea* in offset for money had and received.—Mutual issues to the court.

The defendants, to support the plea in offset, offered parol evidence tending to show, that in the year 1830, the road commissioners for the county of Washington, laid out a road through plaintiff's land, and ordered that the town of Middlesex should pay as damages to the plaintiff, $21; which was paid by said town : That the plaintiff, being dissatisfied with the road as laid by the county commissioners, requested the selectmen to delay the opening of it for the whole length for which it was laid out; and the selectmen did delay the opening of said road, on the plaintiff's agreeing to expend $10 on a certain other road : That four years afterwards, the plaintiff, with the consent, in accordance with the wishes, and in pursuance of a contract with said town, that he should pay the one half the expense of said committee, which he has paid, procured the appointment, by Washington County Court, at their November session, 1834, of a committee, who altered about two-fifths of said road; leaving unaltered that portion which the plaintiff had made, principally before the laying out of the road by said commissioners; and the whole still running through plaintiff's land.

Which report was accepted, and the road laid out and opened ac-  cordingly. And that said committee did not award damages in the case.

WASHINGTON,
March,
1836.

Stiles
vs.
Middlesex.

To the admission of which testimony, plaintiff objects; and it was excluded.                    Judgment for plaintiff.

To the decision rejecting said testimony, the defendants except.

*Merrill and Spalding in support of the exceptions.*—The facts are in short as follow: The commissioners laid out a road through plaintiff's land, taking as part thereof a road which plaintiff had made previously for his own accommodation, and which extended about three-fifths of the whole distance; and awarded as damages $21, which defendant paid. The plaintiff was dissatisfied—requested delay, which was granted; and ultimately, the decision of commissioners was *reversed* by another board, and the road laid as plaintiff wished, and committee awarded *no damages*; and the whole road was altered or laid in a different place by the committee, except that part [which plaintiff had previously made for his own benefit.

It will be noticed, that all the proceedings in this case (after the decision of the commissioners) were had at the request of plaintiff, and their decision *reversed* at the request of plaintiff.

The inference is, that plaintiff preferred the decision of the *committee without damages*, to that of the *commissioners with damages.*

To suffer him to retain the money, would be to permit him to derive benefit from both decisions.

*First.*—It is contended that this case is the same in *principle*, if not *technically*, as the case of a *reversal* of a judgment in an ordinary suit at law—in which case, no doubt, this action can be sustained.

The record in this case, it is true, may not, in point of *form*, read like a judgment of *reversal* in an ordinary suit; but in *substance* it is the same.

The decision of the county court, on the question of the acceptance of the report of the committee, has the effect to *set aside* and *vacate* and *reverse* the decision of the commissioners.

The commissioners say the road shall run in a certain direction which will prove an *injury* or *inconvenience* to the plaintiff to the amount of $21. The committee say it shall run in a different direction, just as plaintiff wants it; and that instead of being a damage, it will be a benefit to plaintiff.

WASHINGTON,
March,
1836.
Stiles
vs.
Middlesex.

Can plaintiff then retain the money with a good conscience ?

Perhaps no two cases ever did or ever will agree in all their circumstances. It is sufficient to support the action, to show that it is within the general *principles established* in relation to actions of this nature. In deciding actions of this kind, these principles should never be lost sight of.

Blackstone says, (3 Com, 163,) " This action is applicable to " almost every case where a person has received money which *ex* " *equo et bono* he ought to refund."

Lord Mansfield says, (2 Bur. 1005,) " The gist of this kind of " action is, that the defendant, upon the circumstances of the case, " is obliged by the ties of natural justice and equality to refund the " money."

*Second.*—It is contended that this action can be sustained on the principle that the consideration has failed.

" Where a man has received money upon a consideration which happens to fail, the person from whom it is received may recover it back by action of *indebitatus assumpsit*, as money had and received to his use."—2 Comyn on Con. 45—2 Term Rep. 369.

The consideration in this case was the surrendering a public highway across plaintiff's land. But plaintiff was never called upon to give up this right. *Nothing* was done in pursuance of the decision of the commissioners. The part of the road which was worked was in the same situation prior to their decision, or, if any repairs were subsequently made, they were made for plaintiff's benefit, and not in consequence of that decision, or by the authority of the selectmen. Therefore, in this case, there is a *total* failure of the consideration.

The absurdity and injustice of suffering plaintiff to retain this money, will appear, by supposing that the last committee had also assessed 21 dollars damages. Would it not have been gross injustice to have compelled the town of Middlesex to pay two assessments, and but one road made ? The case, as it now stands, is as strong in favor of defendant as in the case supposed.

" Money paid on account of services to be performed, may be recovered back in case of non-performance."—2 Com. on Con. 71.—*Wheeler et al.* vs. *Boast,* 12 John R. 363.

*Thirdly.*—But even if there had been part performance, or, more properly speaking, had the award of commissioners been partly carried into execution, and the farther prosecution been suspended, defendant would be entitled to recover ; for,

It is contended that this case would then come within the prin-

WASHINGTON,
*March,*
1836.
———
Stiles
*vs.*
Middlesex.

ciple established in relation to sales, where part of the consideration fails.

Although the law upon this point is unsettled, and the decisions contradictory, yet Judge Kent says, (2 Com. 473,) "In New-York, a partial as well as a total failure of the consideration may be given in evidence by the maker of a note to defeat or mitigate, as the case may be, the recovery."

*Fourthly.*—It is submitted that another principle, long since settled in actions of this kind, bears a strong analogy to the present case, viz :

That this action lies to recover money paid on a contract rescinded by one party, or where both parties mutually agree to a rescindment, &c. ; for, although in this case it cannot in strictness be said that the laying the road was a *contract* between these parties, yet the delaying to carry the decree into effect was in consequence of the mutual agreement of these parties, and in that point of view compares with cases of mutual rescindment, and the effect, as between these parties, was precisely the same ; for the result was in accordance with their wishes and mutual agreement.

The principle is thus laid down in 2 Com. on Con. 64 : "Assumpsit for money had and received lies when a payment has been made on a contract which is rescinded or put an end to, or when both parties *mutually* assent to its being rescinded.—"1 Term R. 186, 133.

*S. B. Prentice was heard on the other side.*

The opinion of the court was delivered by

ROYCE, J.—The case which the defendants offered to make out, under their plea in offset, has been compared to the compulsory payment of a judgment at law, which is afterwards reversed or set aside. And as in that case the money paid may generally be recovered back in assumpsit, so, it is contended, may the sum now claimed in offset. But the analogy is evidently too imperfect to be relied upon. Here, was no reversal, either deciding the original subject matter finally in favor of the plaintiff, or leaving it open for future decision. The very act which is called a reversal settled the matter the same way as before, with some corrections. This was all that the plaintiff applied for. He did not seek to have the road abolished, but only altered in part ; and that was done, leaving the whole road still upon his land. Nor is any thing gained in aid of the claim, by attempting to liken the present case to a contract rescinded by the parties. I shall therefore confine myself to the question of consideration.

WASHINGTON, March, 1836.

Stiles vs. Middlesex.

The payment sought to be recovered back was made in satisfaction of damages awarded to the plaintiff. Those damages were assessed as the probable amount of injury to be occasioned by the public easement in his land. In one respect, the just amount was incapable of any fixed and certain estimate, since the duration of the incumbrance could not be known. The road might be discontinued, and the easement thereby extinguished, whenever the competent authority should direct. But as the damages awarded could not afterwards be increased, so neither should they be subject to diminution or apportionment, with reference to such an event.— They operated as a legal compensation to the plaintiff, while the incumbrance should continue, be it for a longer or a shorter period. On such occasions, it is always supposed, however, that the injury will commence ; and therefore if the survey of a road is effectually abandoned before the road is opened or made, there can be no consideration for retaining the damages. In such case, they may undoubtedly be recovered back. But the present is not such a case. The re-survey and alteration of a road, without removing it from the party's land, is altogether a different affair from the absolute discontinuance and abandonment of such road. Nor does the silence of the last committee on the subject of damages furnish any certain inference that the altered road was in no degree injurious to the plaintiff. It receives a more probable explanation from the fact, that damages had already been paid. At all events, the equitable right of the plaintiff to retain these damages, is not disproved by the facts offered to be shown. And as he received them upon a just and legal consideration, that ground should be satisfactorily removed, before the claim in offset can be supported. The evidence was properly rejected.

Judgment of county court affirmed.